IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOSEPH WIMBERLY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:08-cv-166 (HL) |
| : | |
| **JOHN E. POTTER, Postmaster** : | |
| **General,** : | |
| : | |
| Defendant. : | |

## ORDER

Plaintiff, Joseph Wimberly, acting pro se, filed a complaint in this Court on May 20, 2008, in which he alleged that his employer discriminated against him based on race in violation of Title VII, 42 U.S.C. § 2000e-5, and disability. Wimberly paid the $350 fee for filing in this Court. As of September 22, 2008, the date on which the time for perfecting service in accordance with Federal Rule of Civil Procedure 4(m) expired, Plaintiff had failed to file any documents with the Court indicating that service had been perfected. By Order entered September 23, 2008, Plaintiff was directed to show cause as to why his case should not be dismissed for failure to effect service within 120 days of the filing of the Complaint.

In a letter dated October 13, 2008, which was docketed as a Motion to Appoint Counsel and as a Response to the Show Cause Order, Wimberly states that his physical and mental limitations prevent him from proceeding on his case. He does not elaborate as to what those limitations are. Wimberly also states that he has tried, but without success, to hire a lawyer to represent him. He asks the Court to appoint a lawyer on his behalf.

Although the provisions of 42 U.S.C. § 2000e–5 authorize a district court to appoint an attorney for a complainant in a Title VII action, a complainant seeking court-appointed counsel must make certain affirmative showings.  *See, e.g.*, Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992).  Factors that a court should consider in determining whether to appoint counsel include the plaintiff's ability to afford counsel, the merits of the plaintiff's case, the plaintiff's efforts to secure counsel, and the plaintiff's capacity to prepare and present the case without the aid of counsel.  Id.  *See also* Hunter v. Dep't of Air Force, 846 F.2d 1314 (11th Cir. 1988) (holding that merits of the complainant's claims of discrimination, efforts undertaken to obtain counsel, and ability of plaintiff to understand the relevant issues are appropriate factors for a district court to consider in determining whether to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Here, in support of his request, Plaintiff has offered nothing more than his bare assertion that he has been unable to secure counsel and that he is unable to present his case without the aid of counsel.  Plaintiff has failed to identify any steps he has taken to secure counsel and has failed to offer any detail about the limitations that prevent him from pursuing his case.  Furthermore, there is very little in the record at this time from which the Court can assess the merits of Plaintiff's case.  Therefore, the Court finds that Plaintiff has failed to persuade the Court that the circumstances of this case are such that appointment of counsel is warranted.  Accordingly Plaintiff's Motion for Appointment of Counsel is denied.

While the Court finds that Wimberly has not made a showing sufficient to warrant appointment of counsel, the Court is of the opinion that Wimberly should be given additional time in which to perfect service on the Defendant.  In that respect, Wimberly is advised to familiarize himself with Federal Rule of Civil Procedure 4(i), which explains the procedure for

serving the United States and its agencies, corporations and employees. The Federal Rules of Civil Procedure can be viewed at the United States Government website, www.uscourts.gov by selecting "Federal Rulemaking" and then selecting "Federal Rules of Civil Procedure" under "Rules and Forms in Effect." Rule 4 is set forth under "Title II - Commencing an Action." Wimberly shall have until December 1, 2008, in which to effect service. If service is not perfected by December 1, 2008, this case will stand dismissed without further order of the Court.

**SO ORDERED**, this the 27th day of October, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls