IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOSEPH WIMBERLY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:08-cv-166 (HL) |
| : | |
| **JOHN E. POTTER, Postmaster General,** : | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

By Order entered October 27, 2008, Plaintiff, Joseph Wimberly, was given until December 1, 2008, to effect service on Defendant John E. Potter, Postmaster General. Wimberly was informed that if service was not perfected by December 1, 2008, his case would be dismissed without further order of the Court. Wimberly has paid his filing fee, but is proceeding pro se.

On November 26, 2008, Wimberly filed a response to the Court's Order, in which he advised the Court that he was attempting to serve Defendant by certified mail in compliance with Federal Rule of Civil Procedure 4. Wimberly also attached various documents to his response showing his efforts to obtain counsel to represent him in his case, as well as documents apparently intended to demonstrate the merits of his case, as well as his physical and mental limitations in being able to prosecute his case. Because of Wimberly's assertion in his November 26, 2008, filing that he was attempting to perfect service on Defendant, the Court has held this matter in abeyance until now.

It has now been more than three months since Wimberly advised the Court that he was attempting to perfect service on Defendant, yet no proof of service has been placed in the record, and no appearance has been made on behalf of Defendant.  Review of the documents attached to Wimberly's response suggests that he may indeed have physical and mental limitations that impact his ability to comply with the complicated rules that govern service of the United States and its agencies.  Moreover, the Court is unable to accurately assess the merits of Wimberly's claim on the basis of the documents now before it.  It thus appears to the Court that it is both necessary and appropriate to obtain a response from the United States as to the viability of this case.  Toward that end, the Court directs the United States Marshal to serve Defendant, John E Potter, Postmaster General, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this the 10th day of March, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, JUDGE**