IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOSEPH WIMBERLY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:08-CV-166 (HL) |
| **JOHN E. POTTER, Postmaster General,** | : | |
| Defendant. | : | |

_____

**ORDER**

On January 22, 2010, an order dismissing this case without prejudice was entered (Doc. 21). Judgment dismissing the case was entered on the same date (Doc. 22). In the order, the Court informed Plaintiff that a statute of limitations applies to his claim, and urged Plaintiff to discuss the limitations issue with an attorney. Plaintiff has now filed a motion requesting that the Court appoint counsel with whom he may discuss the statute of limitations issue (Doc. 23).

A plaintiff in a civil case does not have a constitutional right to appointed counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). District courts should appoint counsel in a civil case "only in exceptional circumstances," and the fact that a plaintiff would be helped by counsel is not sufficient to require appointment. Id. By recommending that Plaintiff consult with an attorney, the Court was in no way stating or suggesting that exceptional circumstances are presented, as the statute of limitations issue is neither novel or complex. Further, this case has

been closed, and judgment has been entered. It would be inappropriate at this juncture to appoint counsel.

Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 23) is denied.

**SO ORDERED**, this the 2nd day of January, 2010.

*s/   Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

2